## CIRCUIT COURT OF THE CITY OF RICHMOND

Stephen T. Plescow

v.

United Dominion Realty Trust

November 5, 1997

Case No. LB-1678-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on defendant's motion for summary judgment. Plaintiff claims that he was induced to commit to employment with defendant by defendant's representations concerning bonuses only to be terminated just prior to the time bonuses he had earned were due.

In its motion, defendant relies on plaintiff's responses in discovery to contend that all plaintiff has asserted are unfulfilled promises or statements as to future events and disappointed economic losses, matters for which a contract claim is the sole remedy.

Fraud must be predicated on present or pre-existing facts, not unfulfilled promises or statements about future events. *Sea Land Service, Inc. v. O'Neal*, 224 Va. 343, 351 (1982). However, an exception to this rule applies when the promises are made with a present intention not to perform. *Elliot v. Shoe Shop, Inc.*, 238 Va. 237 (1989).

Here, plaintiff alleges in the Amended Motion for Judgment that there was a present intent to not permit plaintiff the bonuses when he became employed. In the discovery responses, plaintiff states the facts surrounding defendant's action in terminating plaintiff just prior to eligibility for the first round of bonuses and contends this is evidence of present intention to defraud. More specifically, plaintiff relies on the lack of any reason to terminate as evidence of a present intent not to perform. The court believes these reasons mount a factual issue under the exception.

The court is aware, as defendant contends, of the tendency to convert simple contract claims involving only economic losses to claims for tort loss. Whether this is such a case remains to be seen. At this stage, under *Sea Land* and *Elliot*, the allegations and responses put the case within the exception to the general rule and plaintiff should be allowed to proceed with an opportunity to show that here the exception applies.

For these reasons, the motion is overruled.